HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GERALD E,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-05607-RAJ

ORDER

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Brian A. Tsuchida's proposed Report and Recommendations. Dkt. # 19. For the reasons below, it is **ORDERED** that the proposed Report and Recommendations are **ADOPTED IN FULL**.

## II.   BACKGROUND

Plaintiff seeks judicial review and reversal of the Commissioner's decision denying his application for Disability Insurance. Dkt. # 4. This Court has jurisdiction to hear the Complaint pursuant to 42 U.S.C. § 405(g). Due to the nature of this action, it was referred upon filing to United States Magistrate Judge Brian A. Tsuchida. Judge Tsuchida entered a proposed Report and Recommendations, where he recommended the Commissioner's final decision be affirmed and the case dismissed with prejudice.

ORDER – 1

## III. DISCUSSION

The portions of Judge Tsuchida's proposed Report and Recommendations to which any party objects are reviewed *de novo*, otherwise the report is reviewed for clear error. When proposed findings and recommendations are met with objection, the Court reviews the relevant portions of the United States Magistrate Judge's report *de novo*. 28 U.S.C. § 636(b). When no party objects, the Court reviews the report for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Here, Plaintiff contends (1) that Judge Tsuchida used an incomplete legal standard in discounting the opinion of the treating certified physician assistant Mike Meyers; (2) that Judge Tsuchida improperly discounted Plaintiff's symptom testimony; and (3) that Judge Tsuchida improperly found the Administrative Law Judge's RFC to be complete. Dkt. # 19.

### A. Mike Meyers' Opinion

Plaintiff claims that Judge Tsuchida's did not apply the correct legal standard in concluding that the Administrative Law Judge (ALJ) provided germane reasons for its treatment of Myers' opinion. Meyers is not a doctor and thus is not an "acceptable medical source." *See* 20 C.F.R. § 404.1513(a). Accordingly, if the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993). The Appeals Council (AC), in adopting the ALJ's opinion, assigned little weight to Meyers' opinion because (1) his opinion on Plaintiff's limitations with respect to sitting, standing, and working were inconsistent with opinion evidence and treatment records; (2) his opinion contained insufficient rationale of evidence relied upon to support the restrictive findings and was inconsistent with evidence reflecting only mild pitting edema in the lower extremities; and (3) his opinion concerning limitations related to Plaintiff's ability to reach, finger, engage

ORDER – 2

in fine manipulation, bend and stoop lacked a specific quantitative function-by-function assessment of Plaintiff's work-related abilities. Dkt. # 8-2 at 6. Plaintiff's objection that germane reasons for discounting Myers' opinion is not well-taken and Judge Tsuchida's report and recommendations on this issue will be adopted.

### B. Plaintiff's Symptom Testimony

Plaintiff claims that Judge Tsuchida improperly discounted Plaintiff's symptom testimony. The ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1128 (9th Cir. 2014). "To support a lack of credibility finding, the ALJ [is] required to point to specific facts in the record...." *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). Contrary to Plaintiff's assertions, the ALJ pointed to numerous medical visits over several years that undermined Plaintiff's symptom reports. Dkt. # 8-2 at 144-48. Moreover, the ALJ referenced evidence of Plaintiff's activities as contradicting his testimony as to the degree of his physical and mental impairments. *See Turner v. Commissioner of Social Security*, 613 F.3d 1217, 1225 (9th Cir. 2010). The ALJ did not err in his analysis. Judge Tsuchida's report and recommendations on this issue will be adopted.

### C. RFC analysis

RFC is the "maximum degree to which [a claimant] retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 200(c). Even if an ALJ erroneously finds an impairment to be non-severe, the error is harmless if the ALJ properly considers the limitations caused by the impairment at the later steps. *Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007). Plaintiff claims that the ALJ's RFC did not include reasonable limitations related to Mr. Eitner's fibromyalgia, arthritis in his hands and chronic edema in his legs.

However, the ALJ did in fact note that he took Plaintiff's fibromyalgia pain into consideration in formulating the RFC. Dkt. # 8-2 at 142. Indeed, the ALJ noted that "[r]egardless of its designation, the effects of pain from the possibility of [fibromyalgia],

ORDER – 3

along with other conditions, are considered in determining the residual functioning capacity." *Id*. Moreover, it is clear that the ALJ took into consideration Plaintiff's osteoarthritis. *See, e.g.*, *id*. And for the same reasons discussed in Judge Tsuchida's report and recommendations, Plaintiff's objections regarding limitations related to his chronic edema and scleritis are without merit. Dkt. #18 at 12-13. Judge Tsuchida's report and recommendations on this issue will be adopted.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that the proposed Report and Recommendations are **ADOPTED IN FULL**. Dkt. # 18. The case is **DISMISSED** with prejudice.

DATED this 9th day of September, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4