THE HONORABLE JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD G. EITNER,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 3:18-cv-05607-RAJ<br><br>**ORDER GRANTING EAJA FEES** |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. Dkt. # 39. Counsel for Plaintiff Gerald G. Eitner seeks an award under 42 U.S.C. § 406(b) for $47,906.02, reduced by the Equal Access to Justice Act (EAJA) of $17,180.11. For the reasons below, the motion is **GRANTED**.

## II.   LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under Section 406(b) is paid from

ORDER - 1

claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796–807 (2002). Accordingly, when a court approves both an EAJA fee and a 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht,* the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "review for reasonableness fees yielded by [contingency fee] agreements." *Crawford v. Astrue,* 586 F.3d 1142, 1152 (9th Cir. 2009) (en banc) (quoting *Gisbrecht,* 535 U.S. at 808) (omissions)). As set forth in *Crawford,* the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151–52.

### III.  DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and his attorney are within the statutory limits of section 406(b). The $47,906.02 in attorney fees that counsel seeks amounts to 25 percent of the retroactive benefits awarded to Plaintiff. *See* Dkt. # 39-2.

The Court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford,* the Court find the requested fees reasonable. There is no indication that counsel was either ineffective or dilatory, and counsel achieved a favorable result for plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed, and the benefits are not so large in comparison to the amount of time counsel spent that a

reduction of the fees requested is justified. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford,* the Court find that plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

As an EAJA fee of $17,180.11 has previously been awarded and paid in this case, that amount shall be subtracted from the $47,906.02 fee awarded pursuant to Section 406(b). Therefore, the Commissioner is directed to send plaintiff's attorney $30,725.91, less any applicable processing fees allowed by statute.

## IV.   CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees. Dkt. # 39. Plaintiff's attorney is allowed, under 42 U.S.C. § 406(b), to receive attorney fees from Plaintiff's past-due benefits in the amount of $30,725.91 less an administrative assessment pursuant to 42 U.S.C. § 406(d). Any past-due benefits withheld by the Commissioner in excess of the amount allowed pursuant to the order may be released to Plaintiff; and the Commissioner may make any payment of withheld past-due benefits to the address of Plaintiff's attorney that is registered with SSA.

DATED this 3rd day of February, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge